**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10451 |
| Plaintiff - Appellee, | D.C. No. 2:86-cr-00272-PGR-1 |
| v. | |
| FRANCISCO ARCHIVALDO PADILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Francisco A. Padilla timely appeals the district court's judgment finding him

guilty of Conspiracy to Import Marijuana (21 U.S.C. § 963); Importation of

Marijuana (21 U.S.C. §§ 952(a) and 960); Conspiracy to Possess with Intent to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Distribute Marijuana (21 U.S.C. §§ 846 and 841(b)(1)(B)); and Possession with Intent to Distribute Marijuana (21 U.S.C. § 841(b)(1)(B)).

On appeal, Padilla raises four separate issues. We address three of those issues in this memorandum. Padilla's remaining contention related to jury instructions under Carter v. Kentucky, 450 U.S. 288 (1981), is addressed in the opinion filed concurrently with this memorandum. United States v. Padilla, No. 09-10451, — F.3d — (9th Cir. 2011).

Padilla argues that the testimony of three individuals was introduced in violation of the Confrontation Clause. We ordinarily review alleged violations of the Confrontation Clause de novo. United States v. Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001). Absent an objection at trial, however, we review for clear error. United States v. Reyes-Bosque, 596 F.3d 1017, 1032 (9th Cir. 2010). Here, each of the statements contested on appeal was either admitted for proper, non-hearsay purposes or was cumulative and therefore harmless. See United States v. Mitchell, 502 F.3d 931, 966 (9th Cir. 2007).

Padilla also argues that testimony regarding the use of the area surrounding Caborca, Mexico as a staging area for drug exports was impermissible drug courier profile evidence. The district court did not abuse its discretion in admitting the statements. One statement was proper lay opinion, see United States v. Freeman,

2

498 F.3d 893, 904-905 (9th Cir. 2007), and the other was proper expert testimony, see United States v. Klimavicius-Viloria et al., 144 F.3d 1249, 1259-60 (9th Cir. 1998) (law enforcement expert testimony regarding drug smuggling routes is admissible evidence establishing modus operandi).

Finally, Padilla claims that an inadvertent comment by the prosecution during closing argument constituted reversible error. We review for harmless error. See United States v. Washington, 462 F.3d 1124, 1135 (9th Cir. 2006). Although the prosecution's comment was improper, the district court sustained the defense's objection and the prosecutor immediately corrected the statement by apologizing and stating that she misspoke. The judge reiterated jury instructions regarding the presumption of innocence before the jury began its deliberations. The error was harmless. See id.

**AFFIRMED.**